# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW ARMAN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:17-CV-2360 CAS |
| JASON DAVIS, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Andrew Arman, an inmate at Southeast Correctional Center, for leave to proceed in forma pauperis in this civil action, filed pursuant to 42 U.S.C. § 1983. (Docket No. 2).[1] The motion will be granted, and plaintiff will be given the opportunity to submit an amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

---

[1] Plaintiff filed the instant motion on September 1, 2017. On September 27, 2017, plaintiff filed a second motion for leave to proceed in forma pauperis. (Docket No. 6). Because the Court has determined to grant the first motion, the second motion will be denied as moot.

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In the instant motion, plaintiff avers that he receives $5.00 per month in income. He did not include a certified copy of his inmate account statement for the six month period immediately preceding the filing of the complaint. However, he did file a letter explaining that he had tried to obtain the required statement, but unnamed prison officials refused to give it to him. The Court will therefore assess an initial partial filing fee of $1.00, which is twenty percent of plaintiff's stated monthly income and an amount this Court determines is reasonable. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, among other things, draw upon judicial experience and common sense. *Id*. at 679.

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that *pro se* complaints may be merely conclusory. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff filed the instant complaint on September 1, 2017. Named as defendants are Jason Davis, Ham Payne Fum, Cindy Griffith, and Alan Earls. Plaintiff sues all defendants in their official and individual capacities.

Plaintiff alleges that, on January 16, 2017, Davis and other officers assaulted him, and Davis struck him in the face with a closed fist. Plaintiff also alleges that Griffith told him his past behavior was to blame. Plaintiff alleges he was denied medical attention, and he includes a narrative describing mental anguish, hardship, and retaliatory acts by unnamed individuals. He sets forth no factual allegations regarding Fum or Earls. He seeks monetary damages.

After filing the instant complaint, plaintiff filed a motion to amend. The motion to amend states that plaintiff wished to amend his complaint to include an additional four defendants, whom he names. Plaintiff states that the facts are included in the "initial argument." (Docket No. 5). He did not attach a copy of a proposed amended complaint.

**Discussion**

While plaintiff's allegations survive initial review as to Davis in his individual capacity,[2] it fails to state a claim upon which relief can be granted as to all other defendants in their individual capacities. Plaintiff's allegation that Griffith told him his past behavior was to blame does not state a claim of constitutional dimension. *See Burton v. Livingston*, 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right."). In addition, while plaintiff names Fum and Earls as defendants, he does not set forth facts that explain what they did to violate his constitutional rights. *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the caption and there were no allegations of constitutional harm against them).

Plaintiff has clearly indicated to the Court that he wishes to amend his complaint, and the Court will give him the opportunity to do so. However, plaintiff is advised that his motion to amend will be denied because plaintiff did not attach a copy of a proposed amended complaint. Plaintiff is advised that he cannot amend his complaint by filing motions or letters asking to change parts of the original complaint. Instead, plaintiff must file a fully completed amended complaint.

Plaintiff must file an amended complaint within twenty-one (21) days of the date of this Memorandum and Order. The amended complaint will completely replace the original, and so it must include all claims plaintiff wishes to bring. *E.g.*, *In re Wireless Telephone Federal Cost*

---

[2]Plaintiff brings this action against all defendants, employees of the Missouri Department of Corrections, in their official and individual capacities. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint is legally frivolous as to all defendants in their official capacities.

4

*Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must prepare the amended complaint on a Court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wants to sue. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.[3]

In the "Statement of Claim" section, plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, plaintiff should write the facts about what that particular defendant did to violate his rights. If plaintiff is suing more than one defendant, he should do the same thing for each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the facts about what that defendant did to violate his rights. Plaintiff's failure to make specific and actionable factual allegations against any defendant will result in that defendant's dismissal from this case.

Finally, plaintiff should only include claims that arise from the same transaction or occurrence or, in other words, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). In the alternative, plaintiff may choose one single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

If plaintiff fails to timely file an amended complaint, the Court will dismiss this action without prejudice and without further notice as to all defendants except for defendant Jason Davis in his individual capacity.

---

[3]The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis is **DENIED** as moot. [Doc. 6]

**IT IS FURTHER ORDERED** that plaintiff's motion to amend is **DENIED**. [Doc. 5]

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Memorandum and Order, plaintiff must pay an initial filing fee of $1.00. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Memorandum and Order, plaintiff shall file an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file an amended complaint, the Court will dismiss this action without prejudice and without further notice as to all defendants except for defendant Jason Davis in his individual capacity.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely pay the initial filing fee of $1.00, the Court will dismiss this entire action without prejudice and without further notice for failure to comply with the Court's orders.

                                                    **CHARLES A. SHAW**
                                                    **UNITED STATES DISTRICT JUDGE**

Dated this 29th day of September, 2017.