# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW ARMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-2360 CAS |
| | ) | |
| JASON DAVIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of the amended complaint filed by plaintiff Andrew Arman, an inmate at the Southeast Correctional Center.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against corrections officer Jason Davis, Warden Cindy Griffith, and Deputy Division Director Alan Earls. He sues each defendant in an individual capacity, and he seeks monetary damages.

Plaintiff's claims arise from events that occurred beginning January 16, 2017, when he was incarcerated at the Potosi Correctional Center. Plaintiff claims that, while he was restrained in a restraint chair, Davis punched him in the face with a closed fist. The Court concludes, for screening purposes, that plaintiff has stated a viable excessive force claim against Davis, and will allow the claim to proceed. Regarding Griffith and Earls, plaintiff claims that he filed grievances and complaints about Davis, and he also alleges that Griffith and Earls transferred him "in an attempt to silence and hinder" him. (Docket No. 10 at 6). Having liberally construed these allegations, the Court concludes, for screening purposes, that plaintiff has stated a viable retaliatory transfer claim against Griffith and Earls.

Plaintiff alleges no other wrongdoing on the part of Davis, and his remaining allegations against Griffith and Earls fail to state claims for relief. Plaintiff alleges that Griffith and Earls violated his right to due process when they failed to follow departmental procedures when investigating or processing his grievances and complaints. There is no federal constitutional right to a prison grievance procedure, and neither state law nor state policy creates one. Therefore, if a state elects to provide a grievance mechanism, violations thereof will not give rise to a § 1983 claim. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (a prison official's failure to process or investigate grievances, without more, is not actionable under § 1983; grievance procedure is procedural right only and does not confer substantive right on inmate). In addition, it is well established that there is no federal constitutional liberty interest in having prison officials follow prison regulations. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (*citing Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)).

Plaintiff also alleges that Griffith and Earls "refused to protect me and put me in danger by moving me to a house that J. Davis runs and didn't investigate the matter and kept using my past behavior as a reason not to do their job in protecting me and investigate the matter and violate my due process." (Docket No. 10 at 6). The duty to protect inmates from attack requires that prison officials take reasonable measures to abate substantial risks of serious harm of which they are aware. *Prater v. Dahm*, 89 F.3d 538, 541 (8th Cir. 1996). While a supervisor may not be held liable on a respondeat superior theory, he may be held liable if he: (1) had notice of a pattern of unconstitutional acts committed by subordinates, (2) was deliberately indifferent to or tacitly authorized those acts, and (3) failed to take sufficient remedial action, (4) proximately causing injury to plaintiff. *Livers v. Schenck*, 700 F.3d 340, 355 (8th Cir. 2012) (citation omitted); *see also Parrish v. Ball*, 594 F.3d 993, 1002 (8th Cir. 2010). Here, plaintiff does not

allege that Davis committed any unconstitutional acts before the alleged attack, nor does he allege that Davis's attack was expected. It therefore cannot be said that Griffith or Earls were aware of a substantial risk to plaintiff, or that they had notice of a pattern of unconstitutional acts. Plaintiff also alleges that Griffith and Earls failed to investigate and take remedial action, and moved him to an area where he would be exposed to Davis. However, plaintiff does not allege facts permitting the inference that any of Griffith or Earls's actions or inactions were the proximate cause of any injury. Finally, plaintiff alleges only a single isolated incident of wrongdoing on the part of Davis. *See Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988) ("A single incident, or isolated incidents, do not ordinarily satisfy this burden.") The Court therefore concludes that plaintiff has failed to state a claim of supervisory liability or failure to protect against Griffith or Earls.

Plaintiff also writes: "The cover-up and justification for the attack would come in the form of the denial of medical attention and being told by C. Griffith and A. Earls that my past behavior was to blame for the attack." (Docket No. 10 at 6). Later in the complaint, plaintiff writes: "this is deliberate indifference in a textbook sense." *Id.* These allegations do not state claims of constitutional dimension. Plaintiff does not allege that any defendant knew of and disregarded a serious medical need, and he therefore fails to state a claim of deliberate indifference. In addition, mere words, without more, do not invade a federally-protected right. *Burton v. Livingston*, 791 F.2d 97, 99 (8th Cir. 1986). Finally, plaintiff uses the words "equal protection." However, because he alleges no facts indicating that any of the named defendants discriminated against him in favor of another person or class of persons, he fails to state an equal protection claim.

For the foregoing reasons, to the extent plaintiff can be understood to attempt to allege claims of violation of his due process rights, deliberate indifference, failure to protect, supervisory liability, or equal protection, such claims are dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that that the Clerk of Court shall issue process or cause process to issue upon the amended complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to Jason Davis, Cindy Griffith, and Alan Earls in their individual capacities.

**IT IS FURTHER ORDERED** that, in their individual capacities, defendants Jason Davis, Cindy Griffith, and Alan Earls shall reply to the amended complaint within the time provided by the applicable provisions of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that plaintiff's due process, deliberate indifference, failure to protect, supervisory liability, and equal protection claims are **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

 

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 18<u>th</u> day of December, 2017.