# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW ARMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-2360 CAS |
| | ) | |
| JASON DAVIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has not responded to the motion, and the time for doing so has passed. For the reasons explained below, the motion will be denied.

## I. BACKGROUND

Plaintiff Andrew Arman ("Plaintiff") is currently incarcerated at the Southeast Correctional Center. He filed the present pro se complaint pursuant to 42 U.S.C. § 1983 against corrections officer Jason Davis, Warden Cindy Griffith, and Deputy Division Director Alan Earls (collectively, "Defendants"). The events giving rise to this lawsuit occurred beginning January 16, 2017, when Plaintiff was incarcerated at the Potosi Correctional Center.

According to the First Amended Complaint, on January 16, 2017, defendant Davis was moving Plaintiff from a restraint bench to a restraint chair. Plaintiff's entire upper body was restrained, and he was in a submissive and non-threatening posture. Defendant Davis struck Plaintiff in the face with a closed fist. Plaintiff filed grievances and Informal Resolution

Requests ("IRRs"), and in retaliation, defendants Griffith and Earls transferred him to a housing unit run by Davis.

**II. LEGAL STANDARD**

To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim for relief "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Twombly, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint even if it appears that "actual proof of those facts is improbable," id. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Id. at 555–56; Fed. R. Civ. P. 8(a)(2). The Court must liberally construe a pro se complaint, which is "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions, however. Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). In addition, all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. Young v. City of St. Charles, Mo., 244 F.3d 623, 627 (8th Cir. 2001).

**III. DISCUSSION**

   A.  <u>Defendant Davis</u>

Plaintiff alleges that Davis used excessive force against him in violation of his Eighth Amendment rights. It is well established that the unnecessary and wanton infliction of pain constitutes the cruel and unusual punishment prohibited by the United States Constitution. <u>Hudson v. McMillian</u>, 503 U.S. 1, 5 (1992) (quoting <u>Whitley v. Albers</u>, 475 U.S. 312, 327 (1986)). In the context of a prisoner's Eighth Amendment claim against a prison guard for the use of excessive force, "the core judicial inquiry is that set out in <u>Whitley</u>: whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." <u>Id.</u> at 6-7. A plaintiff does not need to show that he was significantly injured: "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." <u>Id.</u> at 9.

In the instant motion, Davis contends that the First Amended Complaint contains insufficient facts to state a claim that he applied force maliciously and sadistically to cause harm rather than in a good-faith effort to maintain or restore discipline. This argument is not well taken. Taken as true, Plaintiff alleges that Davis punched him in the face even though his upper body was fully restrained and he was in a submissive and non-threatening posture. Drawing all reasonable inferences in Plaintiff's favor, there was no need for Davis to use force against Plaintiff to maintain or restore discipline because Plaintiff was restrained and submissive. The Court concludes that the First Amended Complaint contains sufficient factual matter to state a plausible claim for relief against Davis. <u>See</u> <u>Iqbal</u>, 556 U.S. at 677.

B. Defendants Griffith and Earls

Plaintiff alleges that he reported the physical abuse via the grievance and IRR procedure and that, in retaliation, Griffith and Earls moved him into a housing unit that Davis runs. Although prison officials generally may "transfer a prisoner for whatever reason or for no reason at all," Olim v. Wakinekona, 461 U.S. 238, 250 (1983), a prisoner cannot be transferred in retaliation for the exercise of a constitutional right. Goff v. Burton, 7 F.3d 734, 737 (8th Cir. 1993). "The filing of a prison grievance, like the filing of an inmate lawsuit, is protected First Amendment activity." Haynes v. Stephenson, 588 F.3d 1152, 1155-56 (8th Cir. 2009) (quoting Lewis v. Jacks, 486 F.3d 1025, 1029 (8th Cir. 2007)). To state a prima facie case for retaliation, plaintiff must allege that he engaged in protected activity and that defendants, to retaliate against plaintiff for engaging in that activity, took adverse action against him that would chill a person of ordinary firmness from engaging in that activity. See Revels v. Vincenz, 382 F.3d 870, 876 (8th Cir. 2004).

Here, Griffith and Earls concede that Plaintiff is referring to his use of the prison grievance procedure as the protected activity for which he faced retaliation. However, they argue that Plaintiff's allegation of an "obvious retaliation tactic by Potosi Correctional Center staff by transferring me in an attempt to silence and hinder me" is "a conclusory allegation of law that does not allege a sufficient factual basis for the claim or personal involvement by Defendants Griffith and Earls." (Doc. 18 at 6). Indeed, when considered in isolation, the statement is conclusory, and the reference to "Potosi Correctional Center staff" fails to sufficiently allege the personal responsibility of Griffith and Earls. However, in considering the instant motion, this Court does not consider whether each allegation, in isolation, is plausible. Instead, this Court must read the First Amended Complaint as a whole. Braden v. Wal–Mart Stores, Inc., 588 F.3d

585, 594 (8th Cir. 2009) (citation omitted) (when considering a motion to dismiss, the plaintiff's complaint must be read as a whole, rather than "parsed piece by piece to determine whether each allegation, in isolation, is plausible.").

Elsewhere in the First Amended Complaint, Plaintiff specifically alleges that Davis attacked him, that he filed he filed grievances and IRRs against Davis, and that "C. Griffith and A. Earls refused to protect me and put me in danger by moving me to a house that J. Davis runs and didn't investigate the matter" in an attempt to silence and hinder him. (Doc. 10 at 6). Having read the First Amended Complaint as a whole, the Court concludes that it sufficiently alleges that Griffith and Earls were personally responsible for transferring him to a housing unit run by Davis in retaliation for his use of the prison grievance procedure.

Griffith and Earls next argue that the First Amended Complaint fails to plead a sufficient factual basis to allege that a transfer to a different housing unit within the same institution would chill a person of ordinary firmness from continuing to use the grievance process. In support, Griffith and Earls argue that the First Amended Complaint fails to plead sufficient facts to indicate that plaintiff experienced more burdensome conditions as a result of the transfer. This argument is not well-taken. Taken as true, Plaintiff alleges that Davis punched him in the face while he was restrained and submissive, that he filed grievances and IRRs against Davis, and that Davis is in charge of the housing unit into which Griffith and Earls transferred him. Drawing all reasonable inferences in Plaintiff's favor, a person of ordinary firmness would be dissuaded from grieving an attack perpetrated by the very officer who controlled his housing unit, and therefore presumably controlled many aspects of his day-to-day life.

Therefore, for all of the foregoing reasons, the motion to dismiss will be denied.

5

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by defendants Jason Davis, Cindy Griffith, and Alan Earls is **DENIED.** [Doc. 17]

**IT IS FURTHER ORDERED** that defendants Jason Davis, Cindy Griffith, and Alan Earls shall file an answer to the First Amended Complaint no later than thirty (30) days from the date of this Memorandum and Order.

                                         **CHARLES A. SHAW**
                                         **UNITED STATES DISTRICT JUDGE**

Dated this 16th day of May, 2018.