# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW ARMAN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 4:17-CV-2360 CAS |
| JASON DAVIS, et al., | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

This prisoner civil rights matter under 42 U.S.C. § 1983 is before the Court on plaintiff's third motion for appointment of counsel (Doc. 34). Plaintiff's first and second motions for appointment of counsel were denied without prejudice on July 2, 2018 (Doc. 24), and July 9, 2018 (Doc. 27).

**Legal Standard**

The appointment of counsel for an indigent pro se plaintiff lies within the discretion of the Court, as there is no constitutional or statutory right to appointed counsel in civil cases. Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006) (citation omitted); see 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.")

Once the plaintiff alleges a prima facie claim, the Court must determine the plaintiff's need for counsel to litigate his claim effectively. In re Lane, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. Edgington v. Missouri Dep't of Corrections, 52 F.3d 777, 780 (8th Cir. 1995), abrogated on other grounds by Doe v. Cassel, 403 F.3d 986, 989 (8th Cir. 2005). (citations omitted). This determination involves the consideration of several relevant criteria

which include "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." Phillips, 437 F.3d at 794 (citing Edgington, 52 F.3d at 780).

**Discussion**

Plaintiff's motion states that he lacks the knowledge to represent himself, and is "being held back from o[b]taining all the documents and evidence" that will help him prove his case, such as "use of force statements . . . from the use of force committee about the incident on January 16, 2017, and the use of force policies and procedures that will show how they violated my rights, as well as their own policy an[d] procedures." Mot. at 1-2. Plaintiff also states that he is being "stop[p]ed from obtaining the video and the audio-visual evidence" of the incident on January 16, 2017. (Id. at 2.) Plaintiff's motion does not state how he is being "held back" and "stopped" from obtaining evidence, or by whom. The motion is accompanied by a letter dated July 5, 2017 from the American Civil Liberties Union stating that it cannot represent plaintiff in this matter.

As an initial matter, plaintiff is reminded the Court has previously stated "it is well established that there is no federal constitutional liberty interest in having prison officials follow prison regulations. Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003) (citing Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir. 1996))." Mem. and Order of Dec. 18, 2017 at 2 (Doc. 13).

Under the Amended Case Management Order (Doc. 33), the parties' initial disclosures were due on October 19, 2018, a little over two weeks ago. Under that Order, the defendants must provide plaintiff with (1) a list of the names and addresses of all persons having knowledge or information of the facts giving rise to plaintiff's claim (see Doc. 33, ¶3(C)); and (2) a description

2

of all documents relevant to the facts giving rise to plaintiff's claim.  The defendants must either provide copies of the documents to plaintiff or allow him to inspect the documents and obtain copies, with certain exceptions.  (Doc. 33, ¶ 3(D)).  The Order also states that if the defendants object to producing certain documents, they may instead serve written objections on plaintiff.  (Id.)

Plaintiff's motion does not discuss any initial disclosure information or objections that he has received from the defendants.  Plaintiff does not state that he has sent any discovery requests to the defendants as permitted by the Federal Rules of Civil Procedure, such as interrogatories to parties, requests for admissions, and requests for production of documents.  These discovery procedures are available to prisoners proceeding without counsel in Section 1983 actions the same as to all other litigants, see Holloway v. Lockhart, 813 F.2d 874, 880 n.3 (8th Cir. 1987), and plaintiff should use them to try to obtain the evidence he believes he needs to prove his case.

The Court understands that plaintiff is not familiar with the law or legal procedures.  The Court has previously evaluated plaintiff's allegations in this case and found that they are not factually complex.  Plaintiff's pleadings indicate he is capable of clear expression and appropriate organization of content.  There is no indication that plaintiff has attempted to use the discovery procedures available to him under the Federal Rules of Civil Procedure, or that the defendants have failed to produce their initial disclosures to plaintiff as ordered by the Court.  The Court cannot determine at this time that plaintiff is unable to investigate the facts.  In the absence of conflicting testimony or factual complexity of the case, the record before the Court does not support the need for appointment of counsel at this time.  The Court also concludes it would not be aided by the appointment of counsel at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's third motion for appointment of counsel is **DENIED** without prejudice. [Doc. 34]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  7th  day of November, 2018.