UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ANDREW ARMAN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:17-CV-2360 CAS |
|  | ) |  |
| JASON DAVIS, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

### MEMORANDUM AND ORDER

This matter is before the Court on the motion for leave to amend answer out of time filed by defendants Jason Davis, Cindy Griffith, and Alan Earls. (Doc. 49). Pro se plaintiff Andrew Arman opposes the motion.

On September 1, 2017, plaintiff filed this civil rights action against three corrections officers, Jason Davis, Cindy Griffith, and Alan Earls (collectively "defendants"), pursuant to 42 U.S.C. § 1983. Plaintiff filed a first amended complaint on October 16, 2017. (Doc. 10). Defendants filed a timely answer, which did not include the affirmative defense of qualified immunity. (Doc. 20). On October 5, 2018, defendants filed a motion for substitution of counsel, which the Court granted. (Docs. 30, 32).

In the instant motion, defendants request leave to amend their answer pursuant to Federal Rule of Civil Procedure 15(a)(2) to include the affirmative defense of qualified immunity. Defendants support their motion with two arguments: (1) "[o]nly after reviewing [the] record of discovery and upon preparing dispositive motions did [defendants' counsel] realize that previous counsel to [d]efendants did not raise the affirmative defense of qualified immunity" and (2) after reviewing discovery, "including Interrogatories, Requests for Admissions, and a deposition of the [p]laintiff on March 11, 2019," defendants' counsel "determined that the discovered facts would lead

to the application of the affirmative defense of qualified immunity." (Doc. 49). Defendants subsequently filed a motion for summary judgment, partially supported by the affirmative defense of qualified immunity. (Doc. 53).

Rule 15(a) allows a defendant to amend his answer once as a matter of right at any time within twenty days after it is served. If twenty days has passed since the filing of the answer, the defendant may amend "only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a)(2). "Leave shall be freely given [by the court] when justice so requires." Id. "Unless there is a good reason for denial, such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment, leave to amend should be granted." Bediako v. Stein Mart, Inc., 354 F.3d 835, 840-41 (8th Cir. 2004). "Delay alone is not enough to deny a motion to amend; prejudice to the nonmovant must also be shown." Id. at 841.

An answer, like any pleading, may be amended to incorporate affirmative defenses which are inadvertently omitted. See Groninger v. Davison, 364 F.2d 638 (8th Cir. 1966); see also Joseph v. Allen, 712 F.3d 1222, 1226 n.3 (8th Cir. 2013) (district court did not err in granting defendants leave to amend their answer to assert a defense of qualified immunity, even though the motion for leave to amend was not filed until after the plaintiff filed a motion for summary judgment) (citing Chesnut v. St. Louis County, Mo., 656 F.2d 343, 349 (8th Cir. 1981)) ("Amendments should be allowed with liberality, and when justice so requires, even after defendant has served the moving party with a motion for summary judgment." (internal citation omitted)). The decision whether to allow such an amendment lies in the sound discretion of the trial court. Groninger, 364 F.2d at 640.

However, other recent Eighth Circuit decisions instruct that where a party seeks leave to amend its pleadings after the deadline in the case management order has passed, Fed. R. Civ. P.

16(b)'s good-cause standard applies, not the more liberal standard of Rule 15(a). Under Rule 16(b)(4), the party must show good cause in order to be granted leave to amend. Hartis v. Chicago Title Ins. Co., 694 F.3d 935, 948 (8th Cir. 2012); Sherman v.Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008); Popoalii v. Correctional Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008). "'The primary measure of good cause is the movant's diligence in attempting to meet the [case management] order's requirements.'" Hartis, 694 F.3d at 948 (quoting Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006)). Instead of evaluating prejudice to the nonmovant, the Court should "'focus in the first instance (and usually solely) on the diligence of the party who sought modification of the order.'" Id. Where there has been "'no change in the law, no newly discovered facts, or any other changed circumstance . . . after the scheduling deadline for amending pleadings,' then [the Court] may conclude that the moving party has failed to show good cause." Id.

Here, defendants filed the instant motion to amend almost six months after the Amended Case Management Order's deadline of November 19, 2018 to amend pleadings. (Doc. 33). The Court will analyze defendants' motion under the heightened Rule 16(b) good cause standard, following the weight of recent Eighth Circuit precedent.

Defendants' first argument, that "[o]nly after reviewing [the] record of discovery and upon preparing dispositive motions did [defendants' counsel] realize that previous counsel to [d]efendants did not raise the affirmative defense of qualified immunity," does not rise to the level of good cause. "'The primary measure of good cause is the movant's *diligence* in attempting to meet the order's requirements.'" Hartis, 694 F.3d at 948 (emphasis added) (quoting Rahn, 464 F.3d at 822). On October 9, 2018, more than a month before the deadline to file motions to amend pleadings, the Court granted defendants' motion to substitute counsel. (Doc. 32). New defense counsel had a responsibility to fully review the pleadings and timely file a motion to amend by the deadline in the

Case Management Order. Counsel's failure to notice that a particular affirmative defense was not pled shows a lack of diligence to meet this Court's requirements.

Defendants' second argument, however, may have merit. Defendants argue that only after reviewing discovery, including interrogatories, requests for admissions, and plaintiff's deposition, defendants' counsel determined that the discovered facts would lead to the application of the affirmative defense of qualified immunity. The deadline for the close of discovery was April 15, 2019 (Doc. 44), and the instant motion was filed one month after the close of discovery. While the discovery of new facts is sufficient grounds for granting a motion for leave to amend under Rule 16(b)(4)'s good cause standard, <u>Hartis</u>, 694 F.3d at 948, defendants fail to state what facts were discovered and when were those new facts were discovered. It is also not clear from defendants' motion whether plaintiff's deposition was taken or reviewed on March 11, 2019. Without this information, the Court cannot properly analyze defendants' diligence in attempting to meet the Case Management Order's requirement. Because defendants' motion for leave to amend should have been filed pursuant to Rule 16(b), and not Rule 15(a)(2), the Court will permit defendants to supplement their motion to show "good cause" to amend under the appropriate standard of review.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Jason Davis, Cindy Griffith, and Alan Earls shall file a supplement to their motion for leave to amend answer out of time (Doc. 49) pursuant to Federal Rule of Civil Procedure 16(b), no later than **June 10, 2019**. Failure to file a timely supplement will result in the denial of defendants' motion for leave to amend answer out of time.

**IT IS FURTHER ORDERED** that pro se plaintiff Andrew Arman shall have until **June 21, 2019** to file any response to defendants' supplement.

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this 31st day of May, 2019.