# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

ANDREW ARMAN, )
 )
    Plaintiff, )
 )
v. ) No. 4:17-CV-2360 CAS
 )
JASON DAVIS, et al., )
 )
    Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion for leave to amend answer out of time filed by defendants Jason Davis, Cindy Griffith, and Alan Earls. (Doc. 49). Pro se plaintiff Andrew Arman opposes the motion. The motion will be granted for the following reasons.

**I.**     **Background**

On September 1, 2017, plaintiff filed this civil rights action against three corrections officers, Jason Davis, Cindy Griffith, and Alan Earls (collectively "defendants"), pursuant to 42 U.S.C. § 1983. Plaintiff filed a first amended complaint on October 16, 2017. (Doc. 10). Defendants filed a timely answer, which did not include the affirmative defense of qualified immunity. (Doc. 20). On October 5, 2018, defendants filed a motion for substitution of counsel, which the Court granted. (Docs. 30, 32).

In the instant motion, defendants request leave to amend their answer pursuant to Federal Rule of Civil Procedure 15(a)(2) to include the affirmative defense of qualified immunity. Defendants argue that after reviewing discovery, "including Interrogatories, Requests for Admissions, and a deposition of the [p]laintiff on March 11, 2019," defendants' counsel "determined that the discovered facts would lead to the application of the affirmative defense of qualified

immunity." (Doc. 49). Defendants subsequently filed a motion for summary judgment, partially supported by the affirmative defense of qualified immunity. (Doc. 53).

On May 31, 2019, the Court issued a Memorandum and Order instructing defendants that their motion for leave to amend answer out of time was filed pursuant to the incorrect standard. (Doc. 58 at 2-3) ("where a party seeks leave to amend its pleadings after the deadline in the case management order has passed, Fed. R. Civ. P. 16(b)'s good-cause standard applies, not the more liberal standard of Rule 15(a)"). The Court permitted defendants to file a supplement to their motion for leave to amend answer out of time pursuant to the correct standard. Defendants timely filed their supplement. (Doc. 59). Plaintiff did not file a response within the time permitted by the Memorandum and Order.

## II. Legal Standard

Under Rule 16(b)(4), a party must show good cause in order to be granted leave to amend. Hartis v. Chicago Title Ins. Co., 694 F.3d 935, 948 (8th Cir. 2012); Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008); Popoalii v. Correctional Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008). "'The primary measure of good cause is the movant's diligence in attempting to meet the [case management] order's requirements.'" Hartis, 694 F.3d at 948 (quoting Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006)). Instead of evaluating prejudice to the nonmovant, the Court should "'focus in the first instance (and usually solely) on the diligence of the party who sought modification of the order.'" Id. Where there has been "'no change in the law, no newly discovered facts, or any other changed circumstance . . . after the scheduling deadline for amending pleadings,' then [the Court] may conclude that the moving party has failed to show good cause." Id.

**III.	Discussion**

Defendants argue that only after reviewing discovery, including interrogatories, requests for admissions, and plaintiff's deposition testimony, did defendants determine that the affirmative defense of qualified immunity applied in the instant case.

Attached to defendants' supplement is the partial transcript of plaintiff's deposition, taken on March 11, 2019, and plaintiff's answers to three requests for admissions, received by defendants on March 21, 2019. Plaintiff testified at deposition that he remembered kicking a corrections officer and admitted that the officers' response "could have been" the result of his non-compliance with orders. (Doc. 59-1). Additionally, plaintiff responded with "True" to the following two requests for admissions:

> REQUEST NO. 8: Admit that you were escorted to and secured in the HU-2A restraint bench in an effort to maintain control of the situation as a direct result of your fighting with MDOC personnel.
>
> REQUEST NO. 9: Admit that your persistent combative behavior and noncompliance necessitated the use by MDOC personnel of a restraint chair.

(Doc. 59-2).

Defendants argue that plaintiff's testimony and discovery responses raised an inference that any and all incidents of force alleged in plaintiff's complaint were due in whole or in part as a result of plaintiff's own combative behavior, supporting a defense of qualified immunity.

The Court does not offer any opinion as to the merits of defendants' qualified immunity defense, but it finds that defendants have met Rule 16(b)'s good cause standard to amend their answer to add the qualified immunity defense. The evidence supporting such a defense was not revealed until defendants conducted plaintiff's deposition on March 11, 2019, and subsequently received plaintiff's responses to the requests for admission on March 21, 2019. Defendants state that they received a written copy of the deposition transcript on March 29, 2019. The discovery deadline

3

is this case was April 15, 2019. Defendants filed their motion for leave to amend exactly 28 days after the close of discovery and less than two months after receiving plaintiff's responses to defendants' requests for admission.

The Court finds that defendants acted within a reasonable time and demonstrated reasonable diligence in filing the motion for leave to amend their answer to include the defense of qualified immunity after discovering the evidence and after the close of discovery. An amendment to defendants' answer will not disrupt the scheduled trial date or result in reopening discovery. Compare Sherman, 532 F.3d at 716-17 (district court erred in permitting defendant to amend its answer to allege a preemption defense *more than 17 months* after the established deadline for amending pleadings and where the defendant had knowledge of the defense long before it sought leave); Barstad v. Murray County, 420 F.3d 880, 883 (8th Cir. 2005) (affirming the district court's denial of leave to amend the complaint under Rule 16(b) because the plaintiffs had *eight months* to request an amendment of the scheduling order and "knew of the claims they sought to add when they filed the original complaint."). Thus, defendants shall be allowed to amend their answer to add this affirmative defense.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Jason Davis, Cindy Griffith, and Alan Earls' motion for leave to amend answer out of time (Doc. 49) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall detach the attachment from Doc. 49, and file it as defendants Jason Davis, Cindy Griffith, and Alan Earls' Amended Answer to plaintiff's Amended Complaint.

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this <u>10th</u> day of July, 2019.